**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOY DANIELLE DOSS-CORNELISON**                                  **PETITIONER**

**V.**                             **CASE NO. 5:13CV00333 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                       **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D. P. Marshall Jr.  Any party may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Background**

A jury in Washington County, Arkansas, convicted Petitioner Joy Doss-Cornelison of capital murder, and the Court sentenced her to life imprisonment in the Arkansas Department of Correction ("ADC") without parole.  (#13-1)  Ms. Doss-Cornelison appealed her conviction to the Arkansas Supreme Court, which affirmed on February 6, 2003, and issued a mandate on February 27, 2003.  *Doss v. State*, 351 Ark. 667 (2003). (#13-2, #13-3)

Ms. Doss-Cornelison filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on March 31, 2003.  (#13-4) The trial court held a hearing on the petition on September 18, 2003, and denied her petition.  (#13-5)

Ms. Doss-Cornelison appealed the trial court's order denying her Rule 37 petition, but after several motions for extension of time, Ms. Doss-Cornelison failed to file a proper abstract of the record, and the Arkansas Supreme Court granted the state's motion to advance and affirm the order entered by the trial court and dismissed her appeal.  (#13-6)

Ms. Doss-Cornelison files this petition (#2) under 28 U.S.C. §2254 claiming:

(1) ineffective assistance of trial and appellate counsel; (2) she was denied an impartial

jury in violation of the Sixth Amendment; (3) she was denied her Sixth Amendment right

to confront witnesses; (4) actual innocence; and (5) admission of her involuntary

confession and testimony at trial violated the Fifth Amendment.  Ms. Doss-Cornelison

supplemented her petition (#8) to further elaborate on her claims.

Director Hobbs has responded to the petition and supplement contending that Ms.

Doss-Cornelison's claims are barred by the statute of limitations or were procedurally

defaulted.  (#13)  For the reasons explained below, the Court must recommend that Ms.

Doss-Cornelison's Petition for Writ of Habeas Corpus (#2) and Supplement (#8) be

denied and the case dismissed with prejudice.

## III.   <u>The Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to

commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that

the limitations period begins to run from, "the date on which the judgement became final

by the conclusion of direct review or the expiration of the time limit for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).  If the petitioner does not pursue direct review in the

Supreme Court, the judgment becomes final at the expiration of the time to seek review in

the Supreme Court; that is, ninety days after the conclusion of the petitioner's direct

appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted).

In this case, Ms. Doss-Cornelison's direct review by the Arkansas Supreme Court concluded on February 6, 2003, when the Court affirmed her conviction. (#13-2) The one-year limitations period began to run after ninety days, on May 7, 2003, when Ms. Doss-Cornelison's time to petition the Supreme Court of the United States for certiorari expired. She had until May 7, 2004, to file a federal petition for writ of habeas corpus but did not file the current petition until October 28, 2013. Her claims are barred unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." In this case, Ms. Doss-Cornelison filed a timely petition under Arkansas Rule of Criminal Procedure 37 on March 31, 2003. Consequently, the statute of limitations was tolled at least until August 18, 2003, when the petition was denied by the trial court.

Ms. Doss-Cornelison attempted to appeal the denial of her petition to the Arkansas Supreme Court, but she failed to file a proper abstract of the record. Because Ms. Doss-Cornelison's appeal was not properly filed, she is not entitled to statutory tolling for the

period after August 18, 2003, and her time for filing her habeas petition expired one year later, on August 18, 2004.  Ms. Doss-Cornelison did not file the pending petition until October 28, 2013, over nine years later.[1]  (#2)

B.    *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  A petitioner is entitled to equitable tolling, however, only if she shows that she pursued her rights diligently, but some extraordinary circumstances stood in her way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Ms. Doss-Cornelison did not file her federal habeas petition until more than nine years after the statute of limitations had expired.  In *Pace*, the United States Supreme Court found that a petitioner who filed his petition five months after his judgment of conviction became final was not diligent.  *Pace*, 544 U.S. at 419.  Likewise, in *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court held that a nine-month delay in filing a habeas petition, after the Arkansas Supreme Court had denied rehearing, was not diligent. *Nelson*, 618 F.3d at 893.  Ms. Doss-Cornelison has not been diligent in pursuing her rights.

---

[1]Even if Ms. Doss-Cornelison's time for filing is calculated from November 17, 2005, when the Arkansas Supreme Court dismissed her belated appeal, her petition was filed over six years after the statute of limitations had expired.

5

Ms. Doss-Cornelison argues that the statute of limitations should be tolled because she lacked an understanding of the law, legal resources, and knowledge of the limitations period.  (#2 at pp. 17-18)  The Eighth Circuit has squarely held, however, that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."  *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003)(citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), cert. denied, 534 U.S. 863, 122 S.Ct. 145 (2001)).  This Court is bound by precedent to conclude that Ms. Doss-Cornelison's failure to recognize the importance of the one-year statute of limitations in § 2244(d)(1) was not an extraordinary circumstance beyond her control that warrants equitable tolling.

Further, a petitioner's failure to follow rules for filing state post-conviction petitions does not constitute an extraordinary circumstance warranting tolling.  See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)(holding that pro se petitioner's "misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling").

Ms. Doss-Cornelison also complains of ineffective assistance of counsel. Ineffective assistance of counsel, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" warranting tolling of the statute of limitations.  *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)).  The Eighth Circuit has acknowledged, though,

that serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner is claiming gross negligence of counsel retained to file the habeas petition. *Id.*

In this case, Ms. Doss-Cornelison did not retain counsel to file a federal habeas petition on her behalf. She has been aware of her trial counsel's alleged failures since at least 2003, yet she failed to fully exhaust her ineffective-assistance-of-counsel claims with the Arkansas Supreme Court or to raise them in a timely habeas corpus petition. Ms. Doss-Cornelison's lack of diligence in pursuing her claims precludes equitable tolling. *Pace v. Diguglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005)(petitioner's failure to diligently pursue his ineffective assistance of counsel claims precluded the application of equitable tolling).

## IV.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Ms. Doss-Cornelison has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, Ms. Doss-Cornelison has not provided a basis for the Court to issue a certificate of appealability.

V.      <u>**Conclusion**</u>

Ms. Doss-Cornelison's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Joy Doss-Cornelison's petition for writ of habeas corpus (#2) be DENIED and her case DISMISSED with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 18th day of December, 2013.


_____
UNITED STATES MAGISTRATE JUDGE