## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOY DANIELLE DOSS-CORNELISON                                      PETITIONER

V.                          CASE NO. 5:13CV00333 DPM/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                RESPONDENT

## ORDER

The Court prepared a Recommended Disposition ("the Recommendation")

recommending that Petitioner Doss-Cornelison's petition for writ of habeas corpus be

dismissed with prejudice because it is barred by the statute of limitations set forth in 28

U.S.C. § 2244(d)(1).  (Docket entry #15)  Ms. Doss-Cornelison responded with several

objections to the Recommendation.  (#22)  Judge D.P. Marshall Jr. declined to accept the

Recommendation and referred the matter back to this Court to consider the points raised

by Ms. Doss-Cornelison in her objections.  (#23)

In her objections, Ms. Doss-Cornelison first objects to the Court's finding that she

had not been diligent in pursuing  her petition.  She asserts that she had been diligent in

pursuing her claims and had filed every motion and brief in a timely manner or requested

an extension for good cause.  (#22 at p. 1)   Second, Ms. Doss-Cornelison states that the

Arkansas Supreme Court erred in dismissing her appeal of the trial court's denial of her

Rule 37 petition because the Arkansas Supreme Court rules were "vague."  (*Id*.)  Third,

Ms. Doss-Cornelison claims that in spite of numerous obstacles, including her mother's

1

illness, her own admission to the mental health ward, limited access to the law library, loss of her legal papers, and lack of knowledge about exhaustion of state remedies, she at all times diligently pursued exhaustion of her claims with the state courts.  (#22 at pp. 2-3)  Fourth, Ms. Doss-Cornelison asserts that her mother's illness and death; her sister's illness; her father's grief, which led him to be unable to return her legal papers to her; her lack of legal knowledge and legal resources; and an inadequate law library were all extraordinary circumstances that prevented her from filing a timely habeas petition.  (*Id*. at pp. 4-6)  Finally, Ms. Doss-Cornelison argues that her actual innocence is an extraordinary circumstance that justifies tolling the statute of limitations.  (*Id*. at pp. 6-7)

In the Recommendation, this Court explained that, under settled law, lack of understanding of the law, legal resources, and knowledge of the limitations period are all insufficient to justify equitable tolling of the statute of limitations.  (#15 at p. 6)  Further, the Recommendation explained that, under Eighth Circuit precedent, failure to follow rules for filing state post-conviction petitions is not deemed an extraordinary circumstance warranting tolling of the limitations period.  (#15 at p. 6) Finally, the Recommendation addressed Ms. Doss-Cornelison's ineffective-assistance-of-counsel claim, noting that ineffective assistance of counsel has generally not been considered an extraordinary circumstance warranting tolling.  (#15 at pp. 6-7)  Even though the Eighth Circuit has acknowledged an exception to that general rule in cases involving serious attorney misconduct on the part of retained counsel, here Ms. Doss-Cornelison did not

2

have retained counsel.  (*Id*.)  So, many of the circumstances described in her objections that Ms. Doss-Cornelison claims to be extraordinary circumstances justifying tolling of the statute of limitations were previously addressed by the Court in its Recommendation.

In her objections, Ms. Doss-Cornelison does raise, however, a few new circumstances she argues are extraordinary circumstances justifying tolling of the statute of limitations.  For example, Ms. Doss-Cornelison argues that her admission to the mental health ward for a period of time, which required that she mail her legal documents home, and her inability to get those documents returned to her by her family members was an extraordinary circumstance warranting equitable tolling.  In her objections, Ms. Doss-Cornelison also urges that her inability to obtain documents related to her case through a Freedom of Information Act request was an extraordinary circumstance warranting equitable tolling.[1]  (*Id*. at pp. 3, 5)  Finally, Ms. Doss-Conelison alleges her actual innocence warrants equitable tolling of the statute of limitations.  (*Id*. at pp. 6-7)

Because Ms. Doss-Cornelison's objections to the Recommendation raise at least some new claims of extraordinary circumstances warranting equitable tolling, Director Hobbs is entitled to respond if he wishes to do so.  Director Hobbs has fourteen days from the date of this order to respond to the equitable tolling arguments raised by Ms.

---

[1]The Court notes that elsewhere in her objections, Ms. Doss-Cornelison concedes that by the middle of 2009, she had received a "discovery package" with information she says supported her claim of actual innocence. (#22 at pp. 3, 6-7)  The pending petition was not filed until more than four years later.

3

Doss-Cornelison in her objections to the Report and Recommendation filed December 18, 2013 (#15).

    DATED this 19th day of March, 2014.

UNITED STATES MAGISTRATE JUDGE